IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Kuczynski, ) | No. CV 06-460-TUC-FRZ (HCE) |
| Petitioner ) | **REPORT & RECOMMENDATION** |
| vs. ) | |
| Dora B. Schriro; et. al., ) | |
| Respondents. ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Doc. No.1). Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

A.     State Proceedings

On October 24, 2002, Petitioner Richard Kuczynski was convicted by jury of Aggravated Driving Under the Influence (While Impaired to the Slightest Degree), While License Is Suspended or Revoked as alleged in Count 1 of the Indictment, and Aggravated Driving With An Alcohol Concentration of 0.10 or More, While License Is Suspended Or Revoked as alleged in Count 2 of the Indictment. (Answer (Doc. No. 13), p. 2, Ex. A) On January 30, 2003, Petitioner was sentenced to aggravated terms of twelve years of

1  imprisonment on each count to run concurrently. (Answer, p.2, Ex. B (citing A.R.S.§§ 28-
2  1381, 28-1383, 13-604[1]), Ex. H, pp. 5-6) In sentencing Petitioner, the trial court cited the
3  following circumstances:

4  Defendant's prior record, the fact that he poses a threat to the community, and the fact that he has not learned from his incarceration in the Department of
5  Corrections.

6  (Answer, Ex. B; *see also* Answer, Ex. H, pp.3-6))

7  Petitioner, through counsel, appealed his convictions. (Answer, Ex. C) Petitioner
8  raised a single issue on appeal: that the "the prosecutor committed prosecutorial misconduct
9  when she stated in closing argument that [Petitioner] went to MVD after his arrest." (Id.
10 (capitalization omitted))  On that same date, Petitioner, though counsel, filed a Motion to
11 Stay Appeal so that Petitioner could pursue a petition for post-conviction relief. (Id.) On
12 October 29, 2003, Petitioner's Motion to Stay appeal was denied.
13 (www.alptwo.ct.state.az.us)  On May 18, 2004, the Arizona Court of Appeals affirmed
14 Petitioner's convictions and sentences. (Answer, p.2, Ex. D) On August 17, 2004, the

---

[1]A.R.S. §13-604, applicable at the time of Petitioner's sentencing, provided, in pertinent part:

> Except as provided in subsection F, G, H or S of this section or § 13-604.01, a person who is at least eighteen years of age or who has been tried as an adult and who stands convicted of a class 4, 5 or 6 felony, whether a completed or preparatory offense, and who has two or more historical prior felony convictions shall be sentenced to imprisonment as prescribed in this subsection and shall not be eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed by the court has been served, the person is eligible for release pursuant to § 41-1604.07 or the sentence is commuted. The presumptive term may be mitigated or aggravated within the range prescribed under this subsection pursuant to the terms of § 13-702, subsections B, C and D. The terms are as follows:
>
> | Felony  | Minimum | Presumptive | Maximum  |
> |---------|---------|-------------|----------|
> | Class 4 | 8 years | 10 years    | 12 years |
>
> ...

A.R.S. § 13-604(C) (2001).

- 2 -

1 Arizona Supreme Court denied Petitioner's petition for review. (Petition, Ex. B) On
2 September 23, 2004, the mandate issued. (Answer, Ex. D)
3   On September 7, 2004, Petitioner, through counsel, filed a notice of post-conviction
4 relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Answer, Ex. E) On
5 September 15, 2005, Petitioner, through counsel, filed a petition for post-conviction relief
6 (hereinafter "PCR petition"), wherein Petitioner raised the following issue for relief: that
7 "[t]rial counsel was ineffective in failing to file a motion to suppress the blood-alcohol
8 evidence" based upon the allegation that the police officer failed to honor Petitioner's request
9 for an attorney at the time of his blood test. (Answer, p.2, Ex. E, p.2) On January 9, 2006,
10 the trial court conducted an evidentiary hearing on the claim raised in Petitioner's PCR
11 petition. (Answer, p.2, Ex. F) On March 6, 2006, the trial court denied Petitioner's PCR
12 petition. (Answer, Ex. G) Petitioner "did not petition for review from the denial of post-
13 conviction relief." (Answer, p. 2)
14   On April 11, 2006, Petitioner, acting *pro se,* filed with the trial court a "Notice: Under
15 Rule 27.4 Request Order to Release" and "Motion to Order Release from Confinement Rule
16 27.4." (Petition, Ex. I) Petitioner argued that his sentences were unconstitutional under the
17 Fifth Amendment to the United States Constitution because he was sentenced "under
18 criminal, rather than traffic statutes..." (Id.) (capitalization omitted) He asserted that his
19 sentences were"illegal and unconstitutional..." because "there is not an approved Arizona
20 Statute in any subsection, for enhancing or aggravating sentences applied to DUI cases...a
21 complete review of Title 13 shows no point of law/authorization, allowing the prosecution
22 or individual prosecutor to place a defendant in a sentencing range as dangerous and
23 repetitive offenders." (Answer, Ex. I) He also argued that under Arizona statutes, once a
24 DUI offender "has completed [sic] the treatment facility that offender is to be brought before
25 the court to show cause to release." (Id.) Petitioner also submitted certificates of
26 completion of various Department of Correction courses and meetings. (Id.)
27   On April 12, 2006, the trial court denied Petitioner's request for release. (Petition, Ex.
28 G) In so ruling, the trial court stated that Ariz.R.Crim.P. 27.4 did not apply to Petitioner

1  because that rule concerned "terminating probation not a sentence of imprisonment. This
2  Court cannot terminate a sentence of imprisonment based upon completion of Department
3  of Corrections classes." (Id.) The court then construed Petitioner's request as a request for
4  modification of his sentence pursuant to Ariz.R.Crim.P. 24.3 and found that such request was
5  untimely. (Id.) The court also stated:

> Furthermore, the sentence is not unlawful. Defendant claims that A.R.S. §13-604 and §13-701 allowing for enhancement and aggravation of sentences, do not apply to an aggravated driving under the influence (DUI) conviction under A.R.S. §28-1383. However, A.R.S. § 28-1383(L)(1) categorizes an aggravated DUI as a class four felony if it occurred due to a suspension, revocation, or cancellation of the driver's license or two prior DUIs within sixty months. The defendant's license was suspended and revoked at the time of driving, making his aggravated DUI a class four felony. Class four felonies are dealt with under A.R.S. § 13-604 and §13-702 and can be enhanced and aggravated. The defendant's sentence is lawful, and Rule 27.4, Ariz.R.Crim.P., dealing with termination of probation, does not apply to him.

(Id.)

On May 17, 2006, Petitioner filed a "Motion for Reconsideration and Set For Evidentiary Hearing Proceedings" regarding the trial court's April 2006 denial of Petitioner's request for release. (Petition, p. 3, Ex. D) On May 18, 2006, the trial court denied Petitioner's motion for reconsideration. (Petition, Ex. E)

B.   Federal Proceeding

On August 30, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus. Petitioner raises the following claims:

1. A violation of Petitioner's Fifth Amendment rights in that the jury convicted Petitioner of violating a traffic statute under A.R.S. Title 28, but "at sentencing the judge...chose on his own to sentence Petitioner in criminal statute [A.R.S. Title 13], taking Petitioner out of the traffic violation this Petitioner was" charged with and convicted of (hereinafter "Ground I");

2. A violation of Petitioner's Sixth Amendment rights in that he was convicted of violating a traffic statute but sentenced pursuant to a criminal statute "without counsel's objection or counsel informing Petitioner that it's

- 4 -

|   |   |   |
|---|---|---|
| 1 |   | unconstitutional to do such an unethical practice without being charged in a |
| 2 |   | criminal violation in Title...13..." (hereinafter "Ground II"); and |
| 3 | 3. | A violation of Petitioner's Eighth Amendment rights in that he was subject to |
| 4 |   | a sentence range of "up to two (2) years in prison..." and that his sentences |
| 5 |   | exceeded that amount in light of the court's allegedly improper decision to |
| 6 |   | sentence him under Title 13 (hereinafter "Ground III"). |

(Petition)

On March 6, 2007, Respondents filed their Answer. Respondents concede that the Petition is timely filed. (Answer, p. 2) Respondents contend that the Petition must be dismissed because Petitioner's grounds for relief are unexhausted and procedurally defaulted. (Id.) Respondents also point out that "[e]ven though aggravated DUI is codified under Chapter 28 of the Arizona Revised Statutes, it constitutes a class 4 felony, indicating the legislature's intent to punish it as a criminal offense consistent with Chapter 13 offenses. *See* A.R.S. §§ 28-1383(L)(1); 13-701 *et seq.*" (Id. at p.5)

Petitioner did not file a Reply.

## II. DISCUSSION

### A. Standard: Exhaustion and Procedural Default

A federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989). The exhaustion inquiry focuses on the availability of state court remedies at the time the petition for writ of habeas corpus is filed in federal court. *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *Id.* A petitioner has not exhausted a claim for relief so long as he has a right under state law to raise the claim by available procedure. *See* Id.; 28 U.S.C. § 2254(c).

A habeas petitioner may exhaust his claims in one of two ways. First, a claim is exhausted when no remedy remains available to the petitioner in state court. *See* 28 U.S.C.

- 5 -

1  § 2254(b)(1)(A).  Second, a claim is exhausted if there is an absence of available state
2  corrective process or circumstances exist that render such process ineffective to protect the
3  rights of the petitioner.  *See* 28 U.S.C. § 2254(b)(1)(B).

4  To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his
5  claim in each appropriate state court...thereby alerting that court to the federal nature of the
6  claim." *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995).
7  A petitioner fairly presents a claim to the state court by  describing the factual or legal bases
8  for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting
9  claims under the United States Constitution." *Duncan,* 513 U.S. at 365-366.  *See also*
10 *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same).   Mere similarity between a
11 claim raised in state court and a claim in a federal habeas petition is insufficient. *Duncan,*
12 513 U.S. at 365-366.

13 Furthermore,  to fairly present a claim, the petitioner "must give the state courts one
14 full opportunity to resolve any constitutional issues by invoking one complete round of the
15 State's established appellate review process." *O'Sullivan,* 526  U.S. at 845.  Once a federal
16 claim has been fairly presented to the state courts, the exhaustion requirement is satisfied.
17 *See Picard  v. Connor,* 404 U.S. 270, 275 (1971).  In habeas petitions, other than those
18 concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted
19 if  they have been fairly presented to  the Arizona Court of Appeals either on appeal of
20 conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of
21 Criminal Procedure. *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied*
22 529 U.S. 1124 (2000).

23 In some instances a claim can be technically exhausted even though the state court did
24 not address the merits.  This situation is referred to as "procedural bar" or "procedural
25 default."  A claim is procedurally defaulted if the state court declined to address the issue on
26 the merits for procedural reasons. *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002).
27 Procedural default also occurs if the federal claim was not presented to the state court and
28 it is clear the state would now refuse to address the merits of the claim for procedural

reasons. *Id.* The procedural bar provides an independent and adequate state-law ground for the conviction and sentence and, thus, prevents federal habeas corpus review unless the petitioner can demonstrate cause and prejudice for failing to raise the federal claim in the state proceedings. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Franklin*, 290 F.3d at 1231. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review. *Coleman v. Thompson,* 501 U.S. 722, 731-732 (1991).

If a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[2] *See Harris v. Reed,* 489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred on any claim which could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[3] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2.

---

[2] Although the Ninth Circuit has suggested that under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims that require a knowing, voluntary, and intelligent waiver *see Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005), this Court need not address such waiver because it has not been affirmatively raised by Petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

[3] Such claims include that: (1) the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b)

1       In summary, failure to exhaust and procedural default are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default...the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

      B.    Analysis

      Respondents argue that "[n]owhere in the state court did [Petitioner] raise any issue about improper sentencing under the criminal code instead of the traffic code." (Answer, p. 3) Respondents point out that Petitioner instead raised on direct appeal the issue of prosecutorial misconduct. (Id.) In his PCR Petition, Petitioner raised only the issue of ineffective assistance of counsel for failing to file a motion to suppress. (Id.)

      Contrary to Respondents' assertion, Petitioner, in his April 11, 2006 request that the trial court order his release, raised his contention that he should not have been sentenced under Arizona criminal statutes for violating the traffic code. (*See* Petition, Ex. I)   He also raised the issue in his May 17, 2006 request for reconsideration of the trial court's order denying his request for release. (*See* Petition, Ex. D) However, the fact that Petitioner raised this issue before the state trial court, does not necessarily mean that he has properly exhausted the claims presented in his federal habeas petition. Petitioner must have fairly presented the constitutional claims he raises herein and he must have provided the state with the opportunity to resolve those constitutional issues by invoking one complete round of the State's established appellate review process. *See Duncan,* 513 U.S. at 365-366; *O'Sullivan,* 526 U.S. at 845.

      In his April 11, 2006 "Motion to Order Release From Confinement. Rule 27.4" filed with the state court, Petitioner argued that his "sentence is unconstitutional [if] he is

---

(citing Ariz.R.Crim.P. 32.1(d)-(h)).

- 8 -

1 sentenced under criminal, rather than traffic statutes! *See* U.S. Constitution, Amendment
2 (Five)." (Petition, Ex. I) (brackets and text therein in original). He also argued that his
3 sentences were "illegal and unconstitutional....Therefore, a liberty interst [sic] persues [sic]
4 this issue while those illegally incarcerated persons suffer great loss of life and liberty...."
5 (Id.)

6       To satisfy the requirement that he fairly present his federal claims to the Arizona
7 courts, Petitioner herein "needed to apprise...[the Arizona court] that he was making a claim
8 under the U.S. Constitution...and describe 'both the operative facts and the federal legal
9 theory on which his claim is based so that the state courts [could] have a fair opportunity to
10 apply controlling legal principles to the facts bearing upon his constitutional claim.'" *Castillo*
11 *v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005) (internal citations omitted) (*quoting Kelly*
12 *v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) *overruled on other grounds by Robbins v.*
13 *Carey,* 481 F.3d. 1143 (9th Cir. 2007)). A habeas petitioner satisfies this burden by either
14 referencing "specific provisions of the federal constitution or cit[ing] to federal or state cases
15 involving the legal standard for a federal constitutional violation. Mere 'general appeals to
16 broad constitutional principles, such as due process, equal protection, and the right to a fair
17 trial,' do not establish exhaustion." *Id.* (*citing Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th
18 Cir. 1999)).

19       Review of the record reveals that in Petitioner's April 11, 2006 "Motion to Order
20 Release From Confinement. Rule 27.4" filed with the state trial court, he cited the due
21 process clause of the Fifth Amendment of the United States Constitution. Petitioner also
22 alleged a factual basis for that claim. Therefore, Petitioner's Ground I raised in the Petition
23 herein was fairly presented to the state trial court.

24       However, Petitioner did not cite specific provisions of the U.S. Constitution or federal
25 or state cases involving the legal standard for his Sixth Amendment ineffective assistance of
26 counsel claim or his Eighth Amendment cruel and unusual punishment claim advanced in
27 Grounds II and III, respectively, of his federal habeas petition. Nor did his state court filings
28 "describe the operative facts and legal theory upon which [the supposed ineffective

1 assistance of counsel and cruel and unusual punishment claims...are] based..., he did not
2 fairly present those particular federal claims to the state courts in order to give the State the
3 opportunity to pass upon and correct them." *Tamalini,* 249 F.3d at 898.  *See also Castillo,*
4 399 F.3d at 999.  Consequently, Petitioner has failed to fairly present to the state court his
5 federal claims raised in Grounds II and III of the instant Petition thereby rendering such
6 claims unexhausted for federal habeas purposes.

7 Moreover, the record also reflects that Petitioner failed to provide the state court with
8 a full opportunity to review his Fifth Amendment claim given that he did not seek appellate
9 review of the trial court's denial of his motion for release and/or motion for reconsideration.
10 *See O'Sullivan,* 526 U.S. at 845 (the petitioner "must give the state courts one full
11 opportunity to resolve any constitutional issues by invoking one complete round of the
12 State's established appellate review process.").  Review of the record as well as the appellate
13 court docket, which is a matter of public record, reflects that Petitioner did not present his
14 federal claims raised herein to the state appellate court.  (*See* Petition, p. 3;
15 www.apltwo.ct.state.az.us) Therefore, Petitioner has failed to fairly present to the state court
16 his claim raised in Ground I of the Petition herein, thus, rendering that claim unexhausted.[4]

17 Consequently, all three of Petitioner's grounds for relief raised in his federal habeas
18 petition are unexhausted.  Further, Petitioner is now barred pursuant to Rule 32.2(a) of the
19 Arizona Rules of Criminal Procedure from returning to state court.  *See Coleman,* 501 U.S.
20 at 732, 735 n.1.  *See also Franklin*, 290 F.3d at 1230-1231 ("the procedural default rule
21 barring consideration of a federal claim applies...if it is clear that the state court would hold
22 the claim procedurally barred.").  Petitioner also fails to show cause or prejudice for the
23 default.

---

26 [4]Even had Petitioner fairly presented the claims raised in Grounds II and III of his
27 habeas petition in his April 11, 2006 "Motion to Order Release From Confinement. Rule
27.4", his failure to seek appellate court review of the trial court's order denying that Motion
28 would render those Grounds unexhausted as well.

- 10 -

When a petitioner's claims are procedurally barred and the petitioner, like Petitioner herein, has not shown cause or prejudice for the default, "the district court dismisses the petition because the petitioner has no further recourse in state court." *Franklin,* 290 F.3d at 1231.

### III.   RECOMMENDATION

For the foregoing reasons, Petitioner's claims are procedurally defaulted, and thus, precluded from federal review. Therefore, the Magistrate Judge recommends that the District Court dismiss the Petition as procedurally barred.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: CV 06-460-TUC-FRZ.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 29th day of September, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge